Tyler Hawkes (13063)
THE RUDD FIRM, P.C.
201 S. Main, Ste. 275
Salt Lake City, UT 84111
Telephone: (801) 676-5337/Fax: (801) 532-8400
Email: tyler@ruddfirm.com

*Attorneys for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| In re:<br><br>DAVID G. LIVINGSTON<br>ROBYN L. LIVINGSTON<br><br>Debtor(s). | Bankruptcy No. 13-31501<br><br>Chapter 13<br><br>Filed Electronically<br><br>The Honorable William T. Thurman |
|---|---|

## MOTION FOR ORDER APPROVING LOAN MODIFICATION AGREEMENT

Debtor, by and through counsel, files the following Motion for Order Approving Loan Modification Agreement and represents as follows:

1. On October 8, 2013, Applicant filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code.

2. As part of the bankruptcy estate, Applicant's real property located at 515 S. 400 W., Centerville, UT 84014 [hereinafter referred to as the "Real Property"] encumbered by a trust deed held by Creditor, Ocwen Loan Servicing, LLC [hereinafter referred to as "Ocwen"].

3. Following the filing of the Petition, Applicant obtained an offer and terms

        for a loan modification modifying the first mortgage on the Real Property as detailed in the letter dated March 19, 2014 attached to and made a part of this Motion as Exhibit "A".

4.     In order to finalize that loan modification, Ocwen Loan Servicing LLC has required Applicants to obtain an Order approving the offer and terms of the loan modification.

5.     Principal terms of the proposed loan modification are as follows:

    a.     Arrears will be capitalized to the current unpaid principal balance;

    b.     Interest will be modified to 4.625% through loan maturity as set forth in Exhibit "A"; and

    c.     The monthly post modification payment (with probable applicable escrow adjustments) will be reduced to $1,737.36 through loan maturity.

6.     Debtor will filed appropriate Amended Schedules I and J to include the changes as set forth in the loan modification.

7.     The loan modification will reduce the Debtors' monthly mortgage payment.

Dated this 1st day of April, 2014.

                                            /s/ Tyler Hawkes
                                            Counsel for Debtor

## CERTIFICATE OF MAILING

A true and correct copy of the foregoing paper was served via First-class Mail to the attached mailing matrix and electronically to all parties entitled to receive CM/ECF notice in this case.

<u>April 1, 2014</u>
Date


<u>/s/ Tyler Hawkes</u>
Signature of Individual

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1088-2<br>Case 13-31501<br>District of Utah<br>Salt Lake City<br>Tue Apr  1 16:12:42 MDT 2014 | ALTAIR OH XIII, LLC<br>C O WEINSTEIN, PINSON, AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | America First Credit Union<br>PO BOX 9199<br>Ogden, UT 84409-0199 |
| American Express<br>455 North 3rd St<br>Suite 260<br>Phoenix, AZ 85004-3937 | American Express Centurion Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Kevin R. Anderson tr<br>405 South Main Street<br>Suite 600<br>Salt Lake City, UT 84111-3408 |
| Jesse A.P. Baker<br>Pite Duncan LLP<br>4375 Jutland Drive, Suite 200<br>PO Box 17933<br>San Diego, CA 92177-7921 | Chase<br>PO Box 15548<br>Wilmington, DE 19886-5548 | Citi Cards<br>PO Box 6500<br>Sioux Falls, SD 57117-6500 |
| Citibank, N.A.<br>701 East 60th Street North<br>Sioux Falls, SD 57104-0493 | Discover<br>PO Box 29033<br>Phoenix, AZ 85038-9033 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 |
| First Professional Services Corporation<br>8841 S. Redwood Road Suite B<br>West Jordan, UT 84088-9290 | GMAC/Ally Mortgage<br>P.O. Box 951<br>Horsham, PA 19044-0951 | Arnold L. Graff<br>Pite Duncan, LLP<br>4375 Jutland Dr.<br>Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-7921 |
| Gurjeet S Grover<br>4403 Harrison Ste 3815<br>Ogden, UT 84403-3330 | Tyler Hawkes<br>The Rudd Firm, PC<br>201 S. Main Street,<br>Suite 275<br>Salt Lake City, UT 84111-2360 | Home Depot Credit Services<br>PO Box 790328<br>Saint Louis, MO 63179-0328 |
| Intermountain Bountiful Pharmacy<br>390 North Main<br>Bountiful, UT 84010-6046 | Intermountain Healthcare<br>P.O. Box 27808<br>Salt Lake City UT 84127-0808 | Intermountain Medical Group<br>PO Box 34578<br>Seattle, WA 98124-1578 |
| Lakeview Hospital<br>PO Box 740757<br>Cincinnati, OH 45274-0757 | Lakeview Hospital<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602-1927 | David G Livingston<br>515 South 400 West<br>Centerville, UT 84014-2125 |
| Robyn L Livingston<br>515 South 400 West<br>Centerville, UT 84014-2125 | Mountain Medical<br>PO Box 29684<br>Phoenix, AZ 85038-9684 | Ocwen Loan Servicing, LLC<br>ATTN: Bankruptcy Department<br>1100 Virginia Drive Suite 175<br>Fort Washington, PA 19034-3204 |
| Ocwen Loan Servicing, LLC<br>c/o PITE DUNCAN, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-7921 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Scott A Erickson<br>440 Medical Drive<br>Suite 4<br>Bountiful, UT 84010-4951 |

| | | |
|---|---|---|
| South Davis Metro Fire Agency<br>PO Box 27768<br>Salt Lake City, UT 84127-0768 | United States Trustee<br>Ken Garff Bldg.<br>405 South Main Street<br>Suite 300<br>Salt Lake City, UT 84111-3402 | Utah State Tax Commission<br>Attn Bankruptcy Unit<br>210 North 1950 West<br>Salt Lake City, UT 84134-9000 |
| (p)ZIONS FIRST NATIONAL BANK<br>LEGAL SERVICES UT ZB11 0877<br>P O BOX 30709<br>SALT LAKE CITY UT 84130-0709 | Gale K. x5Francis<br>Office of the Attorney General<br>160 East 300 South<br>Fifth Floor<br>P.O. Box 140874<br>Salt Lake City, UT 84114-0874 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | Zions Bank<br>PO Box 1507<br>Salt Lake City, UT 84110 | (d)Zions First National Bank<br>Legal Services UT ZB11 0877<br>P.O. Box 30709<br>Salt Lake City, UT 84130 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)Ocwen Loan Servicing, LLC | End of Label Matrix<br>Mailable recipients    34<br>Bypassed recipients     1<br>Total                  35 |

Case 13-31501    Doc 35    Filed 04/01/14    Entered 04/01/14 16:35:34    Desc Main
Document      Page 5 of 14

# EXHIBIT "A"



OCWEN

Date: 3/19/2014

RE:   Client's Name      David & Robin Livingston
      Case Number        13-31501
      Account Number     687595434
      Property Address   515 S. 400 West
                         Centerville, UT 84014

Dear Tyler Hawkes,

Enclosed is the executed permanent Modification Agreement from our Debtor(s) that we need you to obtain court approval in order for us to complete the permanent modification. Be advised that a motion to approve this modification must be filed **within 30 days** of this letter or the modification will be denied. Also, note that all post permanent modification payments must be made prior to execution of modification.

If you have any further questions regarding this matter, please call 1-800-850-4622.

Sincerely,

Bankruptcy Loss Mitigation

March 11, 2014

DAVID G LIVINGSTON
ROBYN L LIVINGSTON
515 S 400 W
CENTERVILLE UT 84014



Ocwen Loan Servicing, LLC
PO Box 780
Waterloo, IA 50704-0780
HELPING HOMEOWNERS IS WHAT WE DO! ™
OCWEN.MORTGAGEBANKSITE.COM

O C W E N

Re: Account Number   0687595434
                    515 S 400 WEST
                    CENTERVILLE UT 84014

Dear DAVID G LIVINGSTON ROBYN L LIVINGSTON

**Congratulations! Your request for a loan modification has been approved subject to the following:**
  -Receipt of $0.00 (for items owed that cannot be added in the loan amount)
  -Receipt of the signed and (if applicable) notarized and/or witnessed loan modification agreement and any attachments
  -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The amount of $0.00(for items owed that cannot be included in the loan amount) is due in our office by March 21, 2014.
- The beginning interest rate is 4.625%. If you are approved for a step rate modification, the adjustment terms are listed in the Modification Agreement.
- This modification may incorporate principal deferment of $0.00 that will result in a principal payment that will be due when the term of your loan expires March 1, 2054 (Maturity Date).
- This type of modification may incorporate some forgiveness of principal and/or interest, resulting in a reduction of your New Principal Balance. The amount of your principal forgiveness will be $0.00 and interest will be $0.00. *This may result in a tax consequence to you and we encourage you to contact a tax professional to discuss any questions you may have.*
- The first modified payment begins April 1, 2014. To accept this offer you may return the modification agreement along with payment of **$1,737.36, which will be applied towards your first payment after the modification executes. This amount is not your new regular payment, as an escrow analysis will be run upon receipt and execution of this offer.**
- **Modified Payment Amount**
  | | |
  |---|---|
  | Principal and Interest | $1,299.35 |
  | Escrow | $438.01 |
  | **Total Payment** | **$1,737.36** |

- **If executing an ink signature (paper), enclosed are multiple copies of the Modification Agreement; please retain one copy for your records and return all other original Modification Agreements. You must sign and return the Modification Agreements to us in the enclosed, pre-paid envelope. The signed Modification Agreement must be received in our office on or before March 21, 2014.** If the Modification Agreements have notary provisions at the end; do NOT sign the enclosed Loan Modification Agreements unless you are in the presence of a notary. These documents must be signed in the presence of a notary and (if applicable) other witnesses. All of the documents must be executed by all parties included in the document and the signatures must be exactly as the names are typed. If you do not send the Modification Agreements and $0.00 (for items owed that cannot be added in the loan amount) (if applicable) by the above due date, you must contact us if you still wish to have your loan modified.
- Any delays in receipt of Trial Period Plan payments, if applicable, may have increased the delinquent interest being capitalized, which would have impacted all the balances calculated within the proposed modification.
- If any modification closing costs are more than projected, the difference will be assessed to the account.

PM TRAD FIXED

- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding, which may include title and recording costs when applicable.
- We are required to report factual information to the credit reporting agencies. Upon completion of the modification, when we next report your loan to the credit agencies, we will report your loan as modified. If you fail to successfully complete the modification and your loan is not permanently modified, accurate reporting will continue including any adverse reporting.
- For loans with mortgage insurance, the mortgage insurance premium may be subject to change following permanent modification. Any change would be proportionate to the modified loan amount, including any deferred balance, and would be reflected in a future escrow analysis following permanent modification.
- It is expressly understood and agreed that the Borrower is responsible for all his/her attorneys' fees and costs in any foreclosure action that may be currently pending and subsequently dismissed as a result of this Agreement and that no claim therefore shall be subsequently made against Ocwen Loan Servicing, LLC.

Please note: All terms of the modification (including any adjustments if you are approved for a step rate modification) are detailed in the Modification Agreement. Please review the Modification Agreement in its entirety prior to signing.

The signed loan modification documents and $0.00 (for items owed that cannot be added in the loan amount) must be received in our office on or before March 21, 2014. Please return to:

Ocwen Loan Servicing, LLC
3700 J Street SW
Suite 9595
Cedar Rapids, IA 52404

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and $0.00 (for items owed that cannot be added in the loan amount) If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

**AUTOMATIC PAYMENTS: We know how busy your life is; let us make it simpler!** Enclosed is the authorization form to enroll in the automatic payment deduction plan at no cost to you! Please complete and return the enrollment form and you will be notified when the deductions will begin. Take comfort in knowing your payments will be automatically deducted when they are due.

If you have any questions or need to discuss these requirements please contact your Relationship Manager, KATIE TRAEGER at 1-877-928-4622 extension 2368890 between the hours of 8:00 a.m. and 9:00 p.m. Monday through Friday central standard time. If your agent is not available one of their team members will assist you.

KATIE TRAEGER
Loan Servicing

Enclosures

**Notice Regarding Bankruptcy:** *Please be advised that if you are part of an active Bankruptcy case or if you have received an Order of Discharge from a Bankruptcy Court, this letter is in no way an attempt to collect either a pre-petition, post petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a Chapter 7 case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan.*

PM TRAD FIXED

```
     DATX                  3/19/2014 10:01:23 AM    PAGE    5/009    Fax Server
          Case 13-31501   Doc 35   Filed 04/01/14   Entered 04/01/14 16:35:34   Desc Main
TO:Tyler Hawkes   COMPANY:            Document      Page 10 of 14
Identifier:0687595434   Doc Type:LMOD
```

Investor Loan # 1712162695
Custodian ID: A1
This document was prepared by Ocwen Loan Servicing, LLC

**After Recording Return To:**
Ocwen Loan Servicing, LLC
Attention: Loss Mitigation
3700 J Street SW
Suite 555
Cedar Rapids, IA 52404

―――――――――――――――――[Space Above This Line For Recorder's Use]―――――――――――――――

# NON-HAMP LOAN MODIFICATION AGREEMENT

Loan Modification Agreement ("Agreement") made this March 11, 2014 between DAVID G LIVINGSTON ROBYN L LIVINGSTON ("Borrower") and Ocwen Loan Servicing, LLC, Lender/Servicer or Agent for Lender/Servicer ("Lender"), amends and supplements that certain promissory note ("Note") dated August 26, 2010 in the original principal sum of Three Hundred Seventeen Thousand Five Hundred Dollars and No Cents ($317,500.00) executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on with Instrument Number in Book and/or Page Number of the real property records of DAVIS County, UT. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 515 S 400 WEST CENTERVILLE UT 84014, which real property is more particularly described as follows:

**( Legal Description if Applicable for Recording Only )**

Borrower acknowledges that "Lender" is the legal holder and the owner, or agent/servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

PM TRAD FIXED

1.  Borrower acknowledges that as of the Effective Date, the amount payable under the Note and Security Instrument (New Principal Balance) is $283,931.16.

2.  The Maturity Date is March 1, 2054.

3.  Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and Security Instrument.

4.  Interest will be charged on the unpaid, non-deferred, "New Principal Balance" until the non-deferred principal has been paid in full. Borrower promises to pay interest at the rate of 4.625% from March 1, 2014 until I payoff my loan at the time when I sell or transfer any interest in my home, refinance the loan, or when the last scheduled payment is due. The rate of interest I pay will change based upon Payment Schedule below.

5.  Borrower promises to make monthly principal and interest payments of $1,299.35, beginning on April 1, 2014, and continuing thereafter on the same day of each succeeding month, according to the Payment Schedule below until all principal and interest is paid in full. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, Iowa, 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

If Step Rate:
### PAYMENT SCHEDULE

| Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Payment Ends On |
|---|---|---|---|---|---|---|
| 4.625% | March 1, 2014 | $1,299.35 | $438.01, may adjust periodically | $1,737.36, may adjust periodically | April 1, 2014 | March 1, 2054 |

6.  If on March 1, 2054 (the "Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including any "Deferred Principal Balance" as provided for in this Agreement, Borrower will pay these amounts in full on that date.

7.  If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly, but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

8.  It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement, or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend, rearrange, or extend (if applicable) the time and

```
   DATX                 3/19/2014 10:01:23 AM  PAGE   7/009    Fax Server
        Case 13-31501   Doc 35   Filed 04/01/14   Entered 04/01/14 16:35:34   Desc Main
TO:Tyler Hawkes   COMPANY:        Document      Page 12 of 14
Identifier:0687595434    Doc Type:LMOD
```

the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

9. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

10. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

11. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

PM TRAD FIXED

Executed effective as of the day and year first above written.

3/15/14 [signature]
Date    DAVID G LIVINGSTON

3/15/14 [signature]
Date    ROBYN L LIVINGSTON

_____
Date

_____
Date

**BORROWER ACKNOWLEDGMENT**

State of Utah

County of Davis

On March 15, 2014, before me Deanne Freeman, personally appeared DAVID G LIVINGSTON ROBYN L LIVINGSTON, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal

[Notary seal: DEANNE FREEMAN, Notary Public, State of Utah, Comm. No. 658299, My Comm. Expires Sep 16, 2016]

Notary Public [signature]

My Commission Expires: 9-16-16

PM TRAD FIXED

Ocwen Loan Servicing, LLC

By: _____
    Authorized Officer

Date: _____

**LENDER ACKNOWLEDGMENT**

State of    IOWA
County of

On this ____ day of _____, 20____, before me, the undersigned, a Notary Public in and for said county and state, personally appeared _____ personally known to me or identified to my satisfaction to be the person who executed the within instrument as Authorized Officer of Ocwen Loan Servicing, LLC and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

                          Witness my hand and official seal.

                          _____
                          Notary Public

                          My Commission Expires: _____

PM TRAD FIXED